UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL CARRANZA AMBRIZ, A 099-632-111

Petitioner,

v.

SERGIO ALBARRAN, et. al.,

Respondents.

No.  1:26-cv-02230-DC-CKD

FINDINGS & RECOMMENDATIONS

Petitioner Raul Carranza Ambriz is detained by Immigrations and Customs Enforcement ("ICE") and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This case is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636 and the court's order dated May 28, 2026. (ECF No. 17). For the following reasons, the undersigned recommends the petition be denied.

**I.      Background**

Petitioner is a native and citizen of Mexico. ECF No. 1 at 5. He is married and has three children. Id. His wife and stepson were granted asylum in 2024. Id. The other two children, age 16 and 9, are U.S. citizens. Id. Petitioner's 17-year-old son has Pitt-Hopkins Syndrome, which affects his brain development, rendering his insight and judgement currently similar to that of a first grader. Id. The family suspects the 9-year-old may have the syndrome as well. Id.

1

Petitioner first attempted to enter the United States in 2008. ECF No. 1 at 5. He was apprehended by agents of the U.S. Department of Homeland Security ("DHS") who forwarded his case to the U.S. Attorney's office for prosecution. Id. Petitioner pled guilty to one count of transportation of illegal aliens and aiding and abetting pursuant to 8 U.S.C. § 1324(A)(1)(a)(ii) and (v)(II). He was sentenced to 13 months in federal custody and removed to Mexico. Id. He then returned to the United States without inspection in 2009. Id. He has lived in the United States ever since, without further criminal arrests. Id.

On November 6, 2025, ICE detained petitioner and issued him a form I-871, Notice of Intent to Reinstate a Prior Order. ECF No. 1 at 6. Petitioner requested and received a reasonable fear interview and was placed in withholding-only proceedings before an Immigration Judge ("IJ"). Id. On May 1, 2026, an IJ denied Petitioner's application for withholding of removal. ECF No. 15-1 at 1. Petitioner appealed the IJ's decision, and the matter remains pending before the Board of Immigration Appeals ("BIA"). ECF No. 12 at 3.

Throughout Petitioner's time in ICE custody, his immigration attorney has attempted to request his release pursuant to 8 C.F.R. § 241.4, which requires DHS to periodically review the custody of noncitizens who are subject to final orders of removal but have not yet been removed. DHS conducted the first custody review after Petitioner had been in custody for 106 days. ECF No. 1 at 7. Despite Petitioner's counsel making various attempts to notify DHS of her representation, DHS officials conducted a custody review without Petitioner's counsel being notified or present. Id. at 6-7. Three days later, DHS informed Petitioner of their decision to continue to detain him. ECF No. 9-2. In the decision, DHS determined that Petitioner's smuggling conviction, which is classified as an aggravated felony, renders him a threat to public safety and a flight risk, and that his removal is expected to be effectuated in the foreseeable future. Id. They also timely notified him that they had scheduled another custody review interview for March 26, 2026, at 9:00am. ECF No. 9-4 at 1. On March 26, 2026, a DHS officer called Petitioner's counsel at 7:30am rather than the scheduled 9:00am, causing Petitioner's counsel to attend the interview telephonically while standing outside of a transit station. ECF No. 10 at 8. The officer indicated that he did not receive documents in support of Petitioner's request

2

for release, despite Petitioner's attorney making multiple attempts to submit them prior to the interview. Id. Counsel was, however, able to submit them to the interviewing officer promptly after the interview. Id. The officer told Petitioner's counsel that they would make a decision within two to three weeks after the interview. Id. at 9. As of the date of the last filing in this matter, Petitioner has not received a decision and continues to be detained at the Golden State Annex facility. He states his physical and mental health continue to decline and that his wife struggles to financially support the children due to his prolonged detention. ECF No. 13 at 3.

Petitioner filed a petition for writ of habeas corpus and motion for a temporary restraining order on March 23, 2026. ECF No. 1, 2. Petitioner claims that DHS' failure to follow its procedures implementing 8 C.F.R. § 241.4 violates the Administrative Procedures Act and is a violation of the Due Process Clause of the Fifth Amendment. Id. Respondent argued that any violation of the regulation was non-prejudicial and that ICE retains authority to detain Petitioner. ECF No. 9. The district court judge assigned to this case denied the motion for temporary restraining order on April 30, 2026, agreeing that Petitioner did not show that any violations of 8 C.F.R. § 241.4 were prejudicial to him and that Petitioner was therefore unlikely to succeed on the merits of the petition. ECF No. 11.

On May 13, 2026, Petitioner filed an amended petition for writ of habeas corpus and motion for temporary restraining order. ECF 12, 13. The amended filings claim that Petitioner's prolonged detention – which had, by that time, exceeded six months – violates the Due Process Clause of the Fifth Amendment. Id. Respondent argued in its opposition that no court has found a due process violation where a noncitizen in withholding-only proceedings is detained during the appeal process. ECF No. 15. On May 28, 2026, the district court judge assigned to this case denied the renewed motion for temporary restraining order, finding that Petitioner was unlikely to succeed on the merits of his petition. ECF No. 17. This matter was then referred to the Magistrate Judge for further proceedings. Id.

## II.    Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004)

3

(citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

The detention of noncitizens subject to final removal orders is governed by 8 U.S.C. § 1231(a). This remains true when the noncitizen is pursuing withholding of removal. Padilla-Ramirez v. Bible, 882 F.3d 826, 832 (9th Cir. 2017) (holding that reinstated removal orders are administratively final for purposes of detention, even if there are ongoing withholding-only proceedings). Noncitizens who have final removal orders "shall" be detained for the first 90 days after their removal orders are finalized (known as the "removal period"). 8 U.S.C. § 1231(a)(2). If the Attorney General determines that such noncitizen would pose a risk to the community or be unlikely to comply with the removal order, the noncitizen "may be detained beyond the removal period." 8 U.S.C. § 1231(a)(6). Procedures for continued detention beyond the removal period are found at 8 C.F.R. § 241.4(h).

### III. Discussion

#### A. Violations of detention review procedures do not require remedy

##### 1. Violations of detention review procedures do not violate the Administrative Procedures Act because the agency's actions are not final and did not prejudice Petitioner

Petitioner argues that DHS' failure to conduct the custody review interview within 90 days and its failure to notify counsel of such interview violate its own regulations and procedures and therefore violate the Administrative Procedures Act. ECF No. 10-13.

Administrative agencies must follow their own regulations, and their compliance may be compelled by the courts if they fail to do so. Accardi v. Shaughnessy, 347 U.S. 260 (1954). The Administrative Procedures Act ("APA") provides a right to judicial review of all "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. In general, for an agency action to be final, it must satisfy two conditions: (1) "the action must mark the

consummation of the agency's decision-making process,...it must not be of a merely tentative or interlocutory nature"; and (2) "the action must be one by which rights or obligations have been determined, or from which legal consequences will flow[.]" Bennett v. Spear, 520 U.S. 154, 177-78 (1997) (internal quotations and citations omitted). Here, Petitioner has failed to demonstrate the agency action, *i.e.*, failure to undertake the custody review required by 8 C.F.R. § 241.4 within 90 days, constitutes final agency action for purposes of the APA.

Moreover, violation of an agency's regulation is only unlawful "if the violation prejudiced the interests of the [noncitizen] which were protected by the regulation." U.S. v. Calderon-Medina, 591 F.2d 529, 532 (9th Cir. 1979). Petitioner alleges that when DHS failed to complete the detention review process within 90 days, it lost the authority to detain Petitioner. ECF No. 1 at 12-13. According to Petitioner, this alleged loss of authority created a liberty interest, the loss of which was prejudicial to him. [1] Id. However, Petitioner cites no legal authority establishing any such loss in detention authority or creation of liberty interest.

Additionally, despite DHS' errors in the first review, Petitioner was provided another post-order review of which he received proper notice. ECF No. 10 at 8-9. His attorney was able to attend the second interview, albeit under inconvenient circumstances. Id. Petitioner was, eventually, able to provide documentation supporting his claim for release. Id. Assuming Petitioner receives a decision as to his continued custody within a reasonable amount of time, he has received the process to which he is statutorily and constitutionally entitled. Though dilatory and discourteous, DHS' delays and errors did not prejudice Petitioner. Even if a custody review determination had been made properly, it is unlikely the outcome of the review would have been different, as the agency determined that Petitioner presents a danger to the community and a flight risk if released. ECF No. 9-2 at 1. Petitioner has not established that the timing of the interview, receipt of documents, or timely notice would have changed that determination. See Getu Tamrat v. Hernandez, No. 26-cv-01169-MLP, 2026 WL 1113388, at *4 (W.D. Wash. Apr. 24, 2026) (finding that petitioner was not entitled to release despite delayed post-order custody review

---

[1] Petitioner's additional assertion that the delayed process and alleged creation of liberty interest constitute a due process violation is discussed in part III.A.2, *infra*.

5

because "even if a custody review determination had been made [timely], as contemplated by both the regulations and the notice of custody review provided to Petitioner, it is unlikely the outcome of the review would have been different given the ultimate conclusion that Petitioner presented both a danger to the community and a flight risk if released.")

### 2. No legal authority supports Petitioner's argument that delayed review created a liberty interest

Petitioner argues that DHS' delay of the custody review process created a liberty interest, and he therefore should have received a pre-deprivation hearing before further detention. He bases this argument on the premise that DHS no longer had authority to detain him once he had been detained up to 72 hours beyond the 90-day post-removal order period. ECF No. 1 at 15.

While 8 U.S.C. § 1231(a)(3) states that a noncitizen who is not removed within the removal period "*shall* be subject to supervision…" (emphasis added), subsection 1231(a)(6) allows detention beyond the 90-day removal period for those who have been "determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(3); 8 U.S.C. § 1231(a)(6); see also 8 C.F.R. § 241.4 ("…the Director of the Detention and Removal Field Office or the district director may continue a[] [noncitizen] in custody beyond the removal period described in section 241(a)(1) of the Act pursuant to the procedures described in this section.").

Here, the agency determined after its review that Petitioner poses a threat to public safety and a risk of flight, and that continued detention is therefore warranted. ECF No. 9-2 at 1. The undersigned acknowledges that the agency did not make this determination until Petitioner had been detained for 106 days – that is, beyond the 90-day removal period – and that Petitioner was not given 30-days' notice of the review, as is required under 8 C.F.R. § 241.4(h)(1),(2). However, Petitioner did not cite any binding or persuasive legal authority that states that such policy violation requires release or creates a liberty interest.[2]

---

[2] Petitioner cites Ramirez-Clavijo v. Kaiser, 25-cv-06248-BLF, 2025 WL 2419263 (N.D.Cal.) and Enamorado v. Kaiser, 25-cv-04072-NW, 2025 WL 1382859 (N.D. Cal.) in support of his argument that a pre-deprivation hearing is required where there is an acquired liberty interest, but these cases are distinguishable. In both cases, ICE initially released the petitioners then re-

6

**B. Prolonged detention is lawful while removal order is under appellate review**

In an amended petition filed after Petitioner had been detained for over six months, Petitioner argued that such prolonged detention violates the Due Process Clause. ECF No. 12 at 4. 8 USC § 1231(a)(6) does not limit the length of time a noncitizen may be detained beyond the 90-day removal period, but the Supreme Court has held that detention should only continue for a period reasonably necessary to bring about the noncitizen's removal from the United States. Zadvydas v. Davis, 533 U.S. 678, 689 (2001). The Supreme Court deemed six months to be the presumptive limit of a reasonable time period, and "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute" Id. at 699, 701. Petitioner contends that his removal is no longer reasonably foreseeable because he has appealed the IJ's denial of his application for withholding of removal.

Several circuits have determined that Zadvydas relief is not available to noncitizens subject to final orders of removal where the only impediment to their removal is their appeal of the removal order. See Castaneda v. Perry, 95 F.4th 750, 757-58 (4th Cir. 2024) ("[O]ngoing withholding-only proceedings, even lengthy ones, simply do not present the same risk of 'indefinite and potentially permanent detention' at issue in Zadvydas. Stated differently, ongoing withholding-only proceedings do not, standing alone, cast doubt on the foreseeability of an alien's removal in the future."). See also G.P. v. Garland, 103 F.4th 898, 902 (1st Cir. 2024); Martinez v. Larose, 968 F.3d 555, 565 (6th Cir. 2020). The Ninth Circuit has also held, in the context of detention under 8 U.S.C. § 1226(a), that ongoing litigation of a removal order does not place someone in the same "removable-but-unremovable limbo" as were the petitioners in Zadvydas. Prieto-Romero v. Clark, 534 F.3d 1053, 1063 (9th Cir. 2008).[3] Although the Ninth Circuit has not

_____

detained them. In the instant case, ICE has never made a determination that Petitioner should *not* be detained.

[3] Petitioner noted that Prieto-Romero involved detention under § 1226(a) whereas Petitioner's detention is governed by § 1231. ECF No. 16 at 5. However, the Ninth Circuit addressed the distinction at length before concluding that neither § 1226(a) nor § 1231(a)(6) authorize indefinite detention. Prieto-Romero v. Clark, 534 F.3d 1053, 1063 (9th Cir. 2008). "It would be incongruous for us to conclude, in the absence of clear evidence, that Congress intended other detention statutes to authorize the indefinite detention of [noncitizens], where such detention would clearly pose the same constitutional concerns." Id. This is therefore a distinction without a material

decided this issue within the context of 8 U.S.C. § 1231(a)(6) specifically, district courts within the Ninth Circuit have agreed with the above-referenced circuit decisions. See, e.g., Paez v. Scott, No. 2:26-cv-01144-LK, 2026 WL 1396111 at *4 (W.D. Wash. May 19, 2026) ("The stay resulting from [Petitioner's] ongoing appeal does not create a 'removable-but-unremovable limbo' because 'ongoing withholding-only proceedings alone are insufficient to demonstrate that removal is no longer reasonably foreseeable.... To reach a contrary result would be to go against the clear weight of authority.") (citations omitted).

As in Paez, Petitioner is not stuck in a removable-but-unremovable limbo. Petitioner has not alleged any reason why he would not be immediately removable if his appeal is not successful. Nor has he demonstrated that the ongoing litigation was the result of "bad faith or undue delay by the agency." See GP v. Garland, 103 F.4th 898 (1st Cir. 2024). While Petitioner highlighted the IJ's omission of a ruling on Petitioner's application for relief under the Convention Against Torture – an omission which will likely result in a remand – he did not allege that specific error was the sole reason for the appeal. For the foregoing reasons, Petitioner's detention remains lawful for the duration of the appellate process.

### IV.    Recommendation

In accordance with the above, IT IS RECOMMENDED that:

1. Petitioner RAUL CARRANZA AMBRIZ's (A 099-632-111) application for a writ of habeas corpus under 28 U.S.C. § 2241 be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to

difference.

appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 10, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3 carr2230.fnr